UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLENN WYATT, individually and on behalf of those similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>G&G METAL SPINNERS, INC. and SCOTT KAUFFMAN,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>) CAUSE NO.:  1:18-cv-3767<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

### I.    NATURE OF THE CASE

1.     Plaintiff, Glenn Wyatt ("Wyatt"), individually and on behalf of those similarly situated, by counsel, brings this action against Defendants, G&G Metal Spinners, Inc. ("G&G") and Scott Kauffman ("Kauffman") (collectively "Defendants"), alleging failure to pay overtime wages in violation of the Fair Labor and Standards Act ("FLSA), 29 U.S.C. § 201 *et seq*. and for violations of Indiana law.

### II.    PARTIES

2.     Wyatt is a citizen of Johnson County, Indiana and has resided within the geographic boundaries of the Southern District of Indiana at all relevant times.

3.     G&G maintains offices and conducts business within the geographic confines of the Southern District of Indiana.

4. Upon information and belief, Kauffman is the President of G&G. He is a U.S. citizen who resides within the geographic environs of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

6. Each Defendant (collectively "Defendants") is an "employer" as that term is defined by 29 U.S.C. § 203(d), (r) and (s).

7. Plaintiff is an "employee" as that term is defined by 29 U.S.C. §203(e)(1).

8. G&G is subject to the FLSA because its employees are domestic workers, engaged in interstate commerce and/or Defendant generates an annual gross volume of sales made or business done in excess of $500,000.00.

9. This Court has supplemental jurisdiction over Wyatt's Indiana state law claim pursuant to 28 U.S.C. §1367.

10. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

11. Defendants provide services to the manufacturing industry for the manufacture and fabrication of metal products, including the spinning thereof.

12. Defendants hired Wyatt during October of 2013, and Wyatt worked most recently as a Quality Control Manager. Most recently, Wyatt earned $19.50 per hour when working as a Quality Control Manager.

13. At all times relevant, Wyatt was a non-exempt employee who was entitled to be paid time and a half for hours over forty worked in any workweek.

14. Defendants regularly required Wyatt to work over forty hours per week without paying him overtime pay. In particular, Wyatt was scheduled to clock in at 7:00 a.m. and clock out at 3:45 p.m. If Wyatt clocked in before 7:00 a.m., then his start time would be rounded up to 7:00 a.m. If Wyatt clocked in at 7:00:01 a.m., then his start time would be rounded up to 7:30 a.m. If Wyatt clocked out later than 3:45 p.m., then his clock out time would be rounded back to 3:45 p.m., regardless if he worked overtime hours.

15. Plaintiff was not paid for the overtime hours worked because the Defendants' time keeping system incorrectly inputted Plaintiff's hours into its system when it rounded his hours.

16. On or about June 18, 2018, Plaintiff informed Scott Kauffman, his supervisor, that Mr. Kauffman was illegally rounding the amount of hours he truly worked and not appropriately allocating his clock in and clock out times to his paycheck.

17. On or about June 28, 2018, Defendants terminated Plaintiff's employment.

18. On or about April 16, 2018, to the date of his termination, Defendants incorrectly classified Plaintiff as an exempt employee when he was performing non-exempt work.

19. Plaintiff is similarly situated to Defendants' non-exempt employees (or their functional equivalents) in that the common practice and policy of not paying overtime at a rate of not less than one and one-half times their regular rate of pay affected all current and former non-exempt employees (or their functional equivalents) who worked for Defendant ("Members of the Class").

20. Plaintiff is similarly situated to the Members of the Class because they all were primarily responsible for the manufacture and fabrication of metal products, and they were all subject to Defendants' unlawful policy and practice of refusing to pay overtime wages for work performed in excess of forty hours and improperly classifying its employees as exempt employees.

21. Defendants' failure to pay overtime compensation as required by the FLSA, and improper classification of its employees as exempt employees, results from a policy or practice applicable to Plaintiff and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applied to all Members of the Class. Accordingly, the class is properly defined as: *All current and former non-exempt employees (or their functional equivalents) who have worked for Defendant.*

22. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to properly pay wages and overtime compensation with respect to Plaintiff and the Members of the Class.

## V. Legal Allegations

### Count I: FLSA - Failure to Pay Overtime Wages

23. Wyatt hereby incorporates paragraphs one (1) through twenty-two (22) of his Complaint as if the same were set forth at length herein.

24. Wyatt and Members of the Class are non-exempt employees of Defendants who engaged in commerce and/or in an enterprise engaged in commerce.

25. Defendants intentionally and willfully failed to compensate Wyatt and Members of the Class at least one and one-half times their hourly rate of pay for time they spend performing work-related duties in excess of a workweek of forty hours.

26. Wyatt and Members of the Class are entitled to recover from Defendants all compensation which they earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

27. Defendants' actions in denying Wyatt and Members of the Class compensation are intentional, willful, and/or done with reckless disregard for their statutory rights.

### Count II: Failure to Pay Wages under Indiana Law

28. Plaintiff hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint as if the same were set forth at length herein.

29. The Defendants failed to pay the wages or compensation due to Wyatt and Members of the Class on the next usual and regular day for payment of wages, or the regular pay day for the pay period during his employment in violation of Indiana law.

30. The Defendants failed for ten (10) days after demand of payment was made to pay Plaintiff for his labor.

31. Plaintiff has suffered damages as a result of the Defendants' failure to pay Plaintiff's wages or compensation.

### COUNT III: UNJUST ENRICHMENT

32. Wyatt hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint as if the same were set forth at length herein.

33. The Defendants failed and/or refused to pay wages due to Wyatt and Members of the Class for their labor and services rendered during their tenure as an employee of the Defendant.

34. The Defendants have been unjustly enriched by keeping funds which are the property of the Plaintiff and Members of the Class.

### COUNT IV: FLSA – RETALIATION

35. Wyatt hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint as if the same were set forth at length herein.

36. Defendants retaliated against Wyatt by discriminating against him for having complaint about its failure to pay overtime as required by the FLSA.

37. Defendants' actions violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

38. Defendants' actions were intentional, malicious, and done with reckless disregard for Wyatt's legally protected rights.

39. Wyatt has suffered damages as a result of Defendants' conduct.

### COUNT V: FLSA – MISCLASSIFICATION

40. Wyatt hereby incorporates paragraphs one (1) through thirty-nine (39) of his Complaint.

41. Defendant improperly classified Wyatt as an exempt employee in violation of 29 U.S.C. § 207(a).

42. Wyatt was not an exempt employee as defined by the FLSA and relevant regulations.

43. Defendant's actions were intentional, willful, malicious, and in reckless disregard of Plaintiff's rights.

44. Wyatt suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Glenn Wyatt, and all employees similarly situated who join this action, respectfully requests that this Court enter judgment in their favor and award the following relief:

1. Payment to Plaintiff (and those who have joined the suit) of all unpaid wages and overtime compensation;

2. An Order reinstating Plaintiff to employment with Defendants and/or awarding front pay in lieu thereof;

3. Payment to Plaintiff (and those who have joined the suit) of liquidated damages for all unpaid wages and overtime compensation;

4. Payment to Plaintiff (and those who have joined the suit) of compensatory damages.

5. Payment to Plaintiff (and those who have joined the suit) of punitive damages for Defendants' failures and/or malice and willful actions;

6. Payment to Plaintiff (and those who have joined the suit) of compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

7. Order injunctive relief sufficient to insure that Defendants cease and desist from further unlawful employment practices in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*;

8. Order Defendants to pay pre-judgment and post-judgment interest to Plaintiffs (and those who join the suit);

9. Order Defendants to pay Plaintiff's (and those who join the suit) costs and attorney fees; and

10. Order all other relief this Court deems just and proper.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

       By:  /s/ Ryan Sullivan_____
       Ryan Sullivan, Attorney No. 34217-64
       8888 Keystone Crossing, Suite 1300
       Indianapolis, IN  46240
       Telephone:  (317) 575-4108
       Facsimile:  (812) 424-1005
       Email:  rsullivan@bdlegal.com

       Attorneys for Plaintiff, Glenn Wyatt

## DEMAND FOR JURY TRIAL

Plaintiff, Glenn Wyatt, individually and on behalf of those similarly-situated, by counsel, requests a trial by jury on all issues deemed so triable.

       Respectfully submitted,

       BIESECKER DUTKANYCH & MACER, LLC

       By:  /s/ Ryan Sullivan_____
       Ryan Sullivan, Attorney No. 34217-64
       8888 Keystone Crossing, Suite 1300
       Indianapolis, IN  46240
       Telephone:  (317) 575-4108
       Facsimile:  (812) 424-1005
       Email:  rsullivan@bdlegal.com

       Attorney for Plaintiff, Glenn Wyatt